UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL MAIRS, an individual; and JACQUELINE MAIRS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT BECKETT, et al., <br><br> Defendants. | 2:10-CV-874 JCM (PAL) |

**ORDER**

Presently before the court is plaintiffs Manuel and Jacqueline Mairs' renewed motion for leave to file a second amended complaint based on newly discovered evidence, dated December 5, 2010 (doc. #36). Defendants Robert Beckett and Frank Toppo filed an opposition to plaintiffs' motion (doc. #41) as did defendant Nye County (doc. #43). Also before the court is defendant Nye County's notice of pending motion to dismiss or, alternatively, to consolidate a parallel action[1], dated December 12, 2010 (doc. # 37; previously doc. #5). Plaintiffs filed a response (doc. #46; previously doc. #8) and Nye County filed a reply (doc. #48; previously doc. #12).  Lastly before the court is defendant Robert Beckett's motion to dismiss or for judgment on the pleadings pursuant to Federal Rule Civil Procedure 12 (doc. #45; previously doc #19). Plaintiffs filed a response (doc. # 51) and defendant Beckett filed a reply (doc. #54).

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed two separate suits, one in federal court and one in state court. Plaintiffs' first

---

[1] Case No. 2:10-cv-01290-GMN-PAL

**James C. Mahan**
**U.S. District Judge**

1  complaint was filed pursuant to 42 U.S.C. § 1983 in United States District Court, District of Nevada,
2  Case No. 2:10-cv-00874-JCM-PAL (hereinafter "874 case") on June 7, 2010. (*See* doc. #1). The 874
3  complaint names Nye County, Robert Beckett and Frank Toppo as defendants. (*Id.*). Plaintiffs filed
4  an amended complaint in the 874 case on June 29, 2010. (*See* doc. #8).

5        Plaintiffs then filed a second suit in the Fifth Judicial District Court, Nye County, Nevada
6  Case No. CV 30433. This case was removed to the United States District Court, District of Nevada,
7  Case No. 2:10-cv-01290-GMN-PAL (hereinafter "1290 case") on July 30, 2010. The 1290 complaint
8  names Nye County, Robert Beckett and Frank Toppo as defendants. (*See* doc. #1).  The complaint
9  in the 1290 case is identical to the amended complaint filed in the 874 case. (*See* doc. #8).

10        Plaintiffs then filed a motion for leave to file a second amended complaint in the 874 case
11  (doc. #21) and a motion to stay ruling on defendants' motion to dismiss (doc #5) pending resolution
12  of the motion to file a second amended complaint.  On November 4, 2010, this court held a noticed
13  hearing on plaintiffs' motion to file a second amended complaint and subsequently issued an order
14  denying plaintiffs' motion (doc. #35).

15        Plaintiffs now renew their motion for leave to file a second amended complaint
16  based on newly discovered evidence (doc. #36). Save a newly attached declaration, plaintiffs' motion
17  is identical to their first motion to file a second amended complaint that this court denied (*compare*
18  doc. #21 *and* doc. #36, *see also* doc. #35 denying plaintiff's motion). Plaintiffs' motion requests the
19  following changes: (1) amend characterization of the defendants, official versus individual; (2) add
20  two defendants: Thomas J. Gibson (attorney for defendant Frank Toppo) and his law firm, Gibson
21  & Keuhn, LLP; and (3) add a cause of action for injunctive relief.

22        On December 2, 2010, plaintiffs obtained the sworn declaration of Amy Jo Pearsall, Assistant
23  City Attorney for the City of Federal Way, Washington. (Doc. #36, Exhibit A-1). Ms. Pearsall
24  recounts a phone conversation that took place "[i]n the summer of 2010" with a female caller who
25  indicated that she was calling from the office of a Thomas J. Gibson—attorney for defendant Frank
26  Toppo. (*Id.*).  The caller requested a transfer of files on a then non-existent "lawsuit or investigation"
27  against defendant Manuel Mairs that was supposedly under way in Nye County, Nevada. (*Id.*).
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 Plaintiffs argue that this declaration is sufficient to overcome this court's previous denial of
2 plaintiffs' request to add Mr. Gibson and his law firm pursuant to the pleading standard required
3 under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
4 1949 (2009). (*See* doc. #35).

5 Finally, on January 10, 2011, the Honorable Gloria M. Navarro issued a judicial
6 order—contingent on the approval of this court (doc. #22 in the 1290 case)—affirming defendant
7 Nye County's motion to consolidate the 1290 case and the 874 case, with the 874 case serving as the
8 base case.

9 **II.    PLAINTIFFS' RENEWED MOTION FOR LEAVE TO AMEND**

10 As a threshold matter, plaintiffs' addition of unidentified "Roe" and "Doe" defendants (see
11 plaintiffs' proposed amended complaint, doc. #36, Exhibit B) is improper. *See Buckheit v. Dennis*,
12 713 F.Supp. 2d 910, 918 n. 4 (N.D. Cal. 2010) (noting the tactic is generally not permitted in federal
13 court) (citing *Bogan v. Keene Corp*., 852 F.2d 1238, 1239 (9th Cir. 1988); *see also Fifty Assocs. v.
14 Prudential Ins. Co.,* 446 F.2d 1187, 1191 (9th Cir. 1970); *McMillan v. Dep't of the Interior,* 907
15 F.Supp. 322, 328 (D. Nev. 1995) (holding there is no provision in the federal rules permitting the
16 use of fictitious defendants).

17 A court may freely grant leave to amend where justice so requires. FED. R. CIV. P. 15(a)(2).
18 The power to grant leave to amend is entrusted to the discretion of the district court. *See William
19 v. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009); *see also Manzarek v. St. Paul Fire & Marine
20 Ins. Co.*, 519 F.3d 1025, 1035 (9th Cir. 2009) (a court can deny a motion to amend if it can articulate
21 a reason for its denial).

22 Under the broad discretion given to this court under the Federal Rule of Civil Procedure
23 15(a)(2), plaintiffs' request to amend characterization of defendants Robert Beckett and Nye County
24 is granted. Additionally, plaintiffs' request to add a claim for injunctive relief against Frank Toppo
25 is granted. However, plaintiffs' request to add Mr. Gibson and his law firm as defendants is denied
26 for the following reasons.

27 Plaintiffs' argument in favor of adding Mr. Gibson and his law firm as defendants herein
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1. hinges on the newly proffered declaration of Ms. Pearsall. However, the decision to add Mr. Gibson
2. is not without consequence to defendant Toppo; the effect of adding Mr. Gibson and his law firm
3. as defendants would compel the removal of Mr. Gibson as defendant Frank Toppo's counsel.
4. Ultimately, Ms. Pearsall's declaration is not sufficient to ensnare Mr. Gibson as a defendant and
5. deprive Mr. Toppo of his counsel because Ms. Pearsall's declaration only confirms that *anyone* could
6. have contacted her and claimed to be from Mr. Gibson's office.
7.     The removal of opposing counsel requires more than a nebulous allegation (substantiated by
8. declaration or not) that an unknown caller, who claimed she was calling from the office of opposing
9. counsel, requested a "file transfer" concerning plaintiff. Holding otherwise risks opening the door
10. to numerous requests for removal of counsel based on similarly vague allegations. Even taking into
11. account Ms. Pearsall's newly acquired declaration, plaintiffs' proposed addition of Mr. Gibson and
12. his law firm to the suit fails to "raise a right to relief above the speculative level" and is denied.
13. *Twombly*, 550 U.S. at 545.

14. **III.   DEFENDANT NYE COUNTY'S MOTIONS TO DISMISS OR, ALTERNATIVELY,**
15. **TO CONSOLIDATE**

16.     This court adopts Judge Navarro's order that defendant Nye County's motion to dismiss be
17. denied and Nye County's motion to consolidate the 1290 case and the 874 case be granted, with the
18. 874 case to serve as the base case (*see* doc. #22 in the 1290 case).

19. **IV.   DEFENDANT ROBERT BECKETT'S MOTION TO DISMISS OR FOR JUDGMENT**
20. **ON THE PLEADINGS PURSUANT TO RULE 12**

21.     Pursuant to this court's decision to allow plaintiffs' leave to amend with regard to
22. characterization of defendant Robert Beckett, defendant's motion to dismiss or for judgment on the
23. pleadings pursuant to Federal Rule Civil Procedure 12 is denied as moot at this juncture.
24. Accordingly,
25.     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' renewed motion
26. for leave to file a second amended complaint (doc. #36) is GRANTED in part and DENIED in part.
27. Plaintiffs may re-characterize their identification of defendant Robert Beckett to include suit against
28.

**James C. Mahan**
**U.S. District Judge**

- 4 -

him in his "individual and official capacities," and plaintiffs may add a cause of action for injunctive relief against defendant Frank Toppo. However, plaintiffs may not add Mr. Gibson or his law firm as defendants herein and Does 1-100 are dismissed from this action.

IT IS FURTHER ORDERED that defendant Nye County's motions to dismiss (doc. #37) is DENIED; however, the defendants' motion to consolidate (doc. #37) is GRANTED. Case no. 2:10-cv-00874-JCM-PAL and 2:10-cv-01290-GMN-PAL are hereby consolidated, with case no. 2:10-cv-00874-JCM-PAL serving as the base case. On January 10, 2011, the Honorable Gloria M. Navarro issued an identical order contingent upon "Judge Mahan's approval" (*see* doc. #22; 2:10-cv-01290-GMN-PAL). Approval is hereby given.

IT IS FURTHER ORDERED that defendant Robert Beckett's motions to dismiss or for judgment on the pleadings pursuant to Federal Rule Civil Procuedure 12 (doc. #45) is DENIED as moot.

DATED February 17, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -