UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MANUEL MAIRS, an individual; and
JACQUELINE MAIRS, an individual,

Plaintiffs,

v.

ROBERT BECKETT, et al.,

Defendants.

2:10-CV-874 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Mairs' motion to amend complaint (doc. #71). Defendants Beckett and Toppo have replied (doc. #76), so has defendant Nye County (doc. #75). Plaintiffs have responded to Nye County's opposition to amend (doc. #77).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, Rule 15(a)(2) states that in all other cases, a party may amend its pleading only "with the opposing party's written consent or the court's leave." Denial is appropriate only where an amendment would be clearly frivolous, unduly prejudicial, cause undue delay, or the court finds that there has been bad faith. *United Union of Roofers v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990). The local rules of federal practice in the District of Nevada qualify this rule, and require that a plaintiff submit a proposed amended complaint along with a motion to amend. LR 15-1(a). Plaintiffs have complied with the local rule and attached the proposed third amended complaint (Doc. #71).

Here, plaintiffs seek to amend for the third time to add Nye County Assistant Sheriff, Richard

**James C. Mahan**
**U.S. District Judge**

1    Marshall, and Nye County Deputy District Attorney, Wesley White, as defendants.  Specifically,
2    plaintiffs allege that Sheriff Marshall, defendant Frank Toppo, and District Attorney White, were
3    engaged in a conspiracy to charge plaintiffs with an offense without properly investing, or attaining
4    probable cause. Plaintiffs have alleged facts suggesting that Marshall made the determination that
5    a criminal complaint should be filed against the plaintiffs. However, he made no investigation and
6    did not read the complaint before making that determination.  Further, plaintiffs have alleged that
7    White worked with defendant Beckett and pursued charges against the plaintiffs without probable
8    cause and with malice.  He is also alleged to have concealed exculpatory evidence and to have
9    improperly manipulated the investigation.

10        The defendants opposed the proposed amendment, alleging that it would be futile and that
11   this third amended complaint is untimely.  Specifically, defendants allege that it is common practice
12   for sheriffs such as Marshall to sign a criminal complaint without necessarily having personal
13   knowledge of its contents.  Furthermore, defendants claim that White is immune from suit because
14   plaintiffs' claims against him relate to his decision to prosecute.  Lastly, defendants argue that the
15   proposed amendment should be denied because of undue delay.  The scheduling order provided that
16   the last day to amend be November 3, 2010.  Moreover, Federal Rule of Civil Procedure 16(b) states
17   that a schedule may be "modified only for good cause and with the judge's consent."

18        Plaintiff has cited adequate authority to support the motion to amend. In *Awabdy v. City of*
19   *Adelanto*, 368 F.3d 1062 (9th Cir. 2004), the plaintiff alleged a conspiracy between the city manager,
20   council members, and a police officer to get him removed from office during an election.  *Id.* at
21   1065.  The Ninth Circuit reversed the district court's decision to dismiss the case by holding that
22   even if defendants make a prima facie finding that there was probable cause, the plaintiff can rebut
23   this by showing the "criminal prosecution was induced by fraud, corruption, perjury, fabricated
24   evidence, or other wrongful conduct undertaken in bad faith." *Id.* at 1067.  Therefore the amended
25   claims against Marshall are properly before the court.

26        With regard to District Attorney White, plaintiff cites *Buckley v. Fitzsimmons*, 509 U.S. 259,
27   271-73 (1993), for the proposition that prosecutors are not entitled to absolute immunity when they
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  perform administrative or investigative functions. *Id*.; *see Burns v. Reed*, 500 U.S. 478, 493 (1991)
2  (holding prosecutors are not entitled to absolute immunity for advising police officers during the
3  investigative phase of a criminal case, or performing acts which are generally considered functions
4  of the police). The court finds that this is sufficient to support the motion to amend, and the
5  defendants may bring any further argument in the form of a motion to dismiss.

6  Lastly, concerning the allegation that the amendment is untimely, plaintiff points out that
7  defendants Toppo, Beckett, and Nye County have all recently moved for an extension of the
8  discovery deadline. Therefore, the court finds that there is no prejudice with respect to these
9  defendants in granting the motion. Defendants Beckett and Toppo request that any order granting
10 leave to amend provide that they do not have to file new answers since the new complaint does not
11 change the causes of action against them, but merely adds new factual allegations. The court does
12 not see why such a request would be prejudicial to any party, or inefficient for the court; it is hereby
13 accepted.

14  Accordingly,

15  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
16 amend/correct complaint (doc. #71) is GRANTED. Plaintiff shall file and serve the amended
17 complaint forthwith.

18  DATED August 9, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -